United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 3, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 04-51334
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JOSE INES SALAZAR,

Defendant-
Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-156-1
----------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Ines Salazar appeals the denial of his motion to suppress after conditionally pleading guilty to transporting an illegal alien for commercial advantage or private financial gain. Salazar argues that Border Patrol agents Shawn Hiltz and Samuel Arredondo did not have reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspicion that his vehicle was involved in criminal activity sufficient to justify the traffic stop that led to his arrest.

A Border Patrol agent conducting a roving patrol may stop a vehicle for purposes of a temporary investigation "if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). We review the district court's reasonable suspicion determination de novo, *United States v. Jacquinot*, 258 F.3d 423, 427 (5th Cir. 2001). Factors that "may be" considered in the reasonable suspicion analysis include:

> (1) proximity to the border; (2) characteristics of the area; (3) usual traffic patterns; (4) agent's previous experience in detecting illegal activity; (5) behavior of the driver; (6) particular aspects or characteristics of the vehicle; (7) information about recent illegal trafficking in aliens or narcotics in the area; and (8) the number, appearance, and behavior of the passengers.

*Jacquinot*, 258 F.3d at 427 (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975)).

Salazar asserts that the district court erroneously ruled that his vehicle was close to the border by measuring the vehicle's direct distance from the border instead of its distance from the border by road. We need not decide here whether distance from the border should be measured directly or by road because, even examining the remaining factors charily, the totality of the circumstances support the district court's determination that reasonable suspicion did exist. *See United States v. Salazar-Martinez*, 710 F.2d 1087, 1088 (5th Cir. 1983).

The district court properly relied upon the following facts in concluding that there was reasonable suspicion: Salazar was traveling on Highway 85, a common smuggling route that avoids immigration checkpoints, shortly after midnight; Agent Hiltz did not recognize the vehicle as a local vehicle; and the registration check on Salazar's vehicle revealed that it was registered near Dallas.

*See Jacquinot*, 258 F.3d at 429; *United States v. Villalobos*, 161 F.3d 285, 289 (5th Cir. 1998). Agent Hiltz had five years of experience as a Border Patrol agent in the area. *See United States v. Cardona*, 955 F.2d 976, 978, 981 (5th Cir. 1992). Salazar was driving well below the speed limit, applied his brakes rapidly when he first encountered the agents' marked patrol vehicle, slowed down and pulled to the side of the road to allow the agents to pass, and fell further back when the agents slowed down to allow him to pass. *See Jacquinot*, 258 F.3d at 429; *Villalobos*, 161 F.3d at 291. Salazar's vehicle was a newer model Suburban with darkly tinted windows and excessive visible condensation despite containing only two visible occupants. *See United States v. Garcia*, 732 F.2d 1221, 1225 (5th Cir. 1984) (heavy condensation); *Villalobos*, 161 F.3d at 289-90 (darkly tinted windows); *Salazar-Martinez*, 710 F.2d at 1088 (large vehicle).

Given the characteristics of the area, the usual traffic patterns, Agent Hiltz's experience in the area, the driver's behavior, and the characteristics of the vehicle, the totality of the circumstances supported the district court's finding of reasonable suspicion, even if the proximity to the border factor was not satisfied. *See United States v. Aldaco*, 168 F.3d 148, 152 (5th Cir. 1999). Salazar's argument that each of the circumstances supporting the reasonable suspicion finding are equally consistent with innocent behavior as they are with criminal activity is tantamount to the "divide and conquer" strategy that has been rejected by the Supreme Court. *See Arvizu*, 534 U.S. at 273-76. Salazar has failed to show that the agents were predisposed to stop any vehicle traveling on Highway 85. *See United States v. Inocencio*, 40 F.3d 716, 723 (5th Cir. 1994). Furthermore, Salazar's contention regarding the subjective motivation of the agents is misplaced because the reasonable suspicion determination depends upon the objective facts known to them at the time of the stop, not their subjective motivation for making the stop. *See United States v. Melendez-Gonzalez*, 727 F.2d 407, 412 (5th Cir. 1984). The district court did not err by denying the motion to suppress.

AFFIRMED.